**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TERRY L. FREDERICK and** ) | |
| **DONNA F. FREDERICK,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 06-1332-MLB |
| ) | |
| **SWIFT TRANSPORTATION CO., INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Defendant submitted a small collection of documents for an in camera review to assist the court in resolving a dispute over defendant's assertion of the work product doctrine. (Memorandum and Order, Doc. 28, p. 7). After review of the documents and the arguments of counsel, the court rejects, with one narrow exception, defendant's contention that the documents are protected from disclosure based on the work product doctrine. The court's rationale is explained in greater detail below.

The standards for evaluating the application of the work product doctrine are well established. To qualify as work product, the materials sought must be (1) a document or tangible thing (2) which was prepared in anticipation of litigation or for trial (3) by or for a

party, or by or for its representative. Fed.R.Civ.P. 26(b)(3).[1] The party asserting immunity from discovery carries the burden of showing that all elements of the work product doctrine exist. See, McCoo v. Denny's, Inc., 192 F.R.D. 675, 683, (D. Kan. 2000). The protection is not absolute and discovery may still be permitted if the requesting party is able to show (1) a substantial need for the materials and (2) that the party is "unable without undue hardship to obtain the substantial of the materials by other means." Rule 26(b)(3). However, when ordering the discovery of such information, Rule 26(b)(3) requires that the court protect against the disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney. Id.

> In support of its claim of work product, defendant asserts that:
>
> Swift has a legal/risk claims department that initially handles and works with outside counsel on cases such as this. Once that department obtains knowledge about a serious collision/accident, which obviously includes collisions or accidents in which a fatality occurs, such as in this case, its employees began to work and generate documentation in anticipation of litigation. The work is performed at the direction of legal counsel, at first by those attorneys employed by Swift, and then eventually by attorneys retained by Swift.

Defendant also argues that its "primary layer of insurance coverage is through a self-insured retention plain through Mohave Transportation Insurance Company, a wholly owned captive insurance company of Swift Transportation Co., Inc." Defendant contends that any work

---

[1] "Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed.R.Civ.P. 26(b)(3)." Frontier Refining, Inc. v. Gorman-Rupp Co., Inc., 136 F. 3d 695, 702 (10th Cir. 1998)(citations omitted).

done by Mohave and its employees after knowledge of a serious collision/accident is likewise protected by the work product doctrine.

The problem with defendant's argument is that the in camera review of the documents reveals the relatively normal business practice of gathering and preparing basic information concerning the driver and the truck which would occur with *any* vehicle accident and/or insurance claim.[2] Additionally, one record merely recounts a factual description on March 27, 2006 of (1) plaintiff's refusal to accept an assignment, (2) notification of drug test results, and (3) plaintiff's termination.[3] There is no indication or evidence that the March 27 record was "prepared in anticipation of litigation."[4] Under the circumstances, the court is not persuaded that the records were "prepared in anticipation of litigation."

The one exception to the court's ruling concerns the last four lines on the "Serious

---

[2] The accident occurred during the early morning hours of March 16, 2006 and defendant requested creation of a "serious loss folder" at 1:30 p.m. on March 16. The majority of the reviewed documents contain innocuous email requests for logs and/or the creation of a file. Although author and recipient names are disclosed, titles and job functions are not provided.

[3] Identification of the documents is hindered by defendant's failure to Bates-stamp the documents provided to the court. Future submissions of disputed discovery documents shall be identified by the parties by Bates-stamp.

[4] Defendant's conclusory assertion that the work is performed at the direction of legal counsel is not persuasive. First, there is no evidence of any involvement of legal counsel in the documents. More importantly, the employment of an attorney in the hierarchy of a captive insurance company bureaucracy is not determinative of whether the work product doctrine is applicable.

Accident Form" in the notes/comments section beginning with the phrase "per J B..." These comments were obviously added to the form after defendant's receipt of an April 6, 2006 letter from plaintiff's counsel concerning the preservation of evidence; therefore, the comments were made in anticipation of litigation and may be redacted from disclosure.

**IT IS THEREFORE ORDERED** that defendant's assertion of the work product doctrine is rejected, with one exception described above.  Defendant shall produced the documents consistent with this order by August 17, 2007.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 6th day of August 2007.

                                        S/ Karen M. Humphreys
                                        _____
                                        KAREN M. HUMPHREYS
                                        United States Magistrate Judge