**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TERRY L. FREDERICK and** ) <br> **DONNA F. FREDERICK,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v.                                                     ) <br> ) <br> **SWIFT TRANSPORTATION CO., INC.,** ) <br> ) <br> **Defendant.** ) <br> _____) | **Case No. 06-1332-MLB** |

## MEMORANDUM AND ORDER

This matter is before the court on (1) plaintiffs' motion for a protective order (Doc. 30), and (2) defendant's motion "for leave to file a motion for partial reconsideration" (Doc. 37). For the reasons set forth below, plaintiffs' motion shall be GRANTED and defendant's motion shall be DENIED.

### Plaintiffs' Motion for a Protective Order

Plaintiffs move for a protective order compelling defendant to preserve the Swift trailer that was involved in the collision giving rise to this lawsuit.[1] In support of their motion, plaintiffs argue that the defendant's trailer is a crucial piece of evidence and may

---

[1] The circumstances giving rise to this lawsuit have been described in prior opinions and will not be repeated. See, e.g., Memorandum and Order, Doc. 28.

contain, among other things, evidence related to vehicle speed and movement, turn signal use, and vehicle position. Plaintiffs assert that defense counsel has been unresponsive to plaintiffs' written requests that the trailer be preserved. Defendant counters that plaintiffs and a consultant have inspected the trailer on one occasion and have had multiple opportunities to inspect the trailer. Defendant also argues that it has "paid hundreds of dollars in storage fees to Pinky's Tow Yard" and will incur additional fees as long as the trailer is stored at Pinky's storage yard in Tucumcari, New Mexico. Plaintiffs counter that Pinky's storage charge is $35 per month and that plaintiffs will share in or pay for this minimal cost if necessary to preserve the trailer.

The motion for a protective order requiring defendant to preserve the trailer shall be sustained. The trailer is evidence in the case and a party has a duty to take reasonable efforts to preserve evidence under its care and/or control. Defendant's reasons for opposing preservation of the trailer are not persuasive.[2] Accordingly, the motion shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for a protective order (**Doc. 30**) is **GRANTED.** Defendant shall preserve the trailer at its present location and in its

---

[2] The fact that one expert or consultant has examined the truck is not dispositive because plaintiffs anticipate inspections and testing by additional experts. Moreover, defendant's implied argument that evidence may be disposed of after examination by an opposing party's expert has no basis in the law or common sense. Additionally, a $35 per month storage fee is hardly "substantial."

present form pending further order of the court or the conclusion of this case.[3]

### Defendant's Motion "for Leave to File a Motion"

The court granted in part and denied in part plaintiffs' motion to compel in a memorandum and order filed **July 16, 2007.** (Doc. 28). Defendant now seeks "leave to file defendant's motion for partial reconsideration of the July 16, 2007 memorandum and order and renewed motion for protective order." (Doc. 37). Plaintiffs oppose the motion. The following chronology provides context for the court's denial of the motion.

Defendant's response to plaintiffs' motion to compel included a conclusory request that the court enter a protective order concerning various manuals and materials related to operations, safety, training, and education. The court rejected defendant's request for a protective order because: (1) the request for a protective order was untimely and (2) defendant failed to carry its burden of showing that the material warranted a protective order. Memorandum and Order, Doc. 28, p. 9. Twenty-eight days later (August 13, 2007), defendant moves for reconsideration and renews its request for a protective order.

D. Kan. Rule 7.3 provides that a motion seeking reconsideration of non-dispositive orders "shall be filed within ten days after the order unless the time is extended by the court." Clearly, defendant's motion is beyond the ten-day period set forth in Rule 7.3. In an attempt

---

[3] The court declines to order that the storage costs be shared equally. The administrative costs of accounting for and paying a monthly bill of $17.50 by each party are not economically justified.

-3-

to justify its belated motion, defendant argues that it was "compiling documents" and "the instant motion could not have been filed on an earlier date." Doc. 37, paragraph 5. Defendant's conclusory allegation that the motion "could not have been filed on an earlier date" is unsupported by any credible evidence and rejected. Accordingly, the motion is rejected as untimely.

In addition to being untimely, the court has reviewed the materials which defendant argues are "proprietary and confidential." The materials are relatively ordinary orientation materials similar to orientation materials provided by other companies to new employees. [4] The materials in no way rise to the level of business sensitivity or trade secret requiring a protective order. Accordingly, defendant's motion to reconsider and for a protective order shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion (**Doc. 37**) is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of September 2007.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] For example, one short video stresses that sexual harassment will not be tolerated. Other materials stress that customer service is the primary reason for Swift's business success.